IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

THOMAS ALSTON                          :
*Individually and on Behalf*           :
*of a Class of Persons*
*Similarly Situated*                   :

v.                                     :    Civil Action No. DKC 14-3199

                                       :

CITIBANK, N.A.                         :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this consumer case is the motion to dismiss filed by Defendant Citibank, N.A. ("Citibank" or "Defendant") (ECF No. 11).  The issues have been fully briefed, and the court now rules, no hearing being deemed necessary.  Local Rule 105.6.  For the following reasons, the motion to dismiss will be granted in part and denied in part.

**I.   Background**

   **A.   Factual Background**

The following facts are alleged in the complaint. Plaintiff asserts that he applied for a Citi Diamond Preferred MasterCard account with Citibank in February 2013 to make consumer purchases.  (ECF No. 2 ¶¶ 4-5).  Plaintiff states that upon information and belief, Citibank did not accept his application for a credit card.  (*Id.* ¶ 6).  Plaintiff avers that Citibank obtained and reviewed his credit report in denying his application for a credit card.  (*Id.* ¶ 8).  According to

Plaintiff, he did not receive any notice from Citibank that his application was denied. (*Id.* ¶ 9).

Plaintiff believes that Citibank regularly accepts applications for consumer credit cards, regularly uses consumer credit scores in evaluating such applications, and denies the applications without providing notice to the applicants. (*Id.* ¶¶ 11-13). He contends that "[a]t all times relevant to the matters alleged in this Complaint, Citibank's policy and practice regarding credit scores and credit reports were similar for all its consumer applicants denied credit card applications." (*Id.* ¶ 14).

### B. Procedural Background

On August 1, 2014, *pro se* Plaintiff Thomas Alston filed a complaint, on behalf of himself and a class of persons similarly situated, against Defendant Citibank, N.A. in the Circuit Court for Prince George's County, Maryland. (ECF No. 2). Plaintiff asserted violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, and the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 *et seq.* In the complaint, Plaintiff seeks, *inter alia*, statutory and punitive damages, and certification of the proposed class.

On October 10, 2014, Defendant filed a notice of removal, citing federal question as the jurisdictional basis. (ECF No. 1). Defendant moved to dismiss the complaint on October 24,

2014.  (ECF No. 11).  Plaintiff was provided with a *Roseboro* notice (ECF No. 12), which advised him of the pendency of the motion to dismiss and his entitlement to respond within seventeen (17) days from the date of the letter.  *Roseboro v. Garrison,* 528 F.2d 309, 310 (4th Cir.1975) (holding *pro se* plaintiffs should be advised of their right to file responsive material to a motion for summary judgment).  Plaintiff opposed the motion (ECF No. 13), and Defendant replied (ECF No. 14).

## II.  Standard of Review

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint.  *Presley v. City of Charlottesville,* 464 F.3d 480, 483 (4th Cir. 2006).  A complaint need only satisfy the standard of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).  "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007).  That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).

At this stage, all well-pleaded allegations in a complaint must be considered as true, *Albright v. Oliver*, 510 U.S. 266,

268 (1994), and all factual allegations must be construed in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (*citing Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). In evaluating the complaint, unsupported legal allegations need not be accepted. *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989). Legal conclusions couched as factual allegations are insufficient, *Iqbal*, 556 U.S. at 678, as are conclusory factual allegations devoid of any reference to actual events. *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

## III. Analysis

### A.   FCRA Claim

Plaintiff asserts that Citibank violated the FCRA by "fail[ing] to provide Plaintiff and the class members with the oral, written or electronic notice of denial or adverse action as required by the FCRA, 15 U.S.C. § 1681m." (ECF No. 2 ¶ 24). Plaintiff alleges willful violations of Sections 1681m(a)(2) and 1681n or negligent violations of Sections 1681m(a)(2) and 1681o. Defendant argues that the FCRA claim should be dismissed because there is no private right of action for an alleged violation of Section 1681m of the FCRA.

15 U.S.C. § 1681m addresses the "[d]uties of users taking adverse actions on [the] basis of information contained in

consumer reports."   An adverse action under Section 1681m includes "a denial or revocation of credit, a change in the terms of an existing credit arrangement, or a refusal to grant credit in substantially the amount or on substantially the terms requested."   *See* 15 U.S.C. § 1681m.   Section § 1681m(h)(8) states:

> (A)  No Civil Actions
>
> Sections 1681n and 1681*o* of this title shall *not* apply to any failure by any person to comply with this section.
>
> (B)  Administrative enforcement
>
> This section shall be enforced exclusively under section 1681s of this title by the Federal agencies and officials identified in that section.

(emphasis added).   Sections 1681n and 1681*o* generally establish civil liability for willful and negligent noncompliance with the FCRA.

Majority of courts that have interpreted Section 1681m have concluded that no private cause of action exists for violations of this section in its entirety.   *See, e.g., Bartlett v. Bank of America, NA*, Civ. Action No. MJG-13-975, 2014 WL 3773711, at *4 n.11 (D.Md. July 29, 2014); *Putkowski v. Irwin Home Equity Corp.*, 423 F.Supp.2d 1053, 1061-62 (N.D.Cal. 2006) ("While § 1681n and § 1681*o* of the FCRA generally establish a private right of action for certain violations of the FCRA, §

1681m(h)(8) (added by FACTA) now expressly provides that there is no private right of action for violations of § 1681m.");
*Farrow v. Capital One Auto Fin., Inc.*, No. CCB-06-2324, 2007 WL 4707634, at *2 n.2 (D.Md. Nov. 9, 2007) (citing *Putkowski* favorably). Plaintiff argues:

> [A]n ambiguity arises as to whether the term "section," as used in the amendments, was intended to refer only to the amendments themselves, or intended to refer to the "section" of the FCRA into which those amendments would ultimately be codified. The courts that have considered this argument have failed to apprehend the import of the drafting history through which this language was added, and have erroneously concluded that Congress must have used the word "section" consistently throughout 15 U.S.C. § 1681m without ever analyzing whether those provisions should be considered to have been drafted at the same time.

(ECF No. 13, at 3).

Plaintiff's arguments are unavailing. Despite Plaintiff's disagreement with the interpretation of Section 1681m by a majority of courts, violations of Section 1681m do not give rise to a private cause of action under Sections 1681n and 1681o. *See, e.g., Bourdelais v. J.P. Morgan Chase*, Civ. No. 3:10CV670-HEH, 2011 WL 1306311, at *6 (E.D.Va. Apr. 1, 2011) (citing cases and noting that "[v]irtually every federal district court and the only federal court of appeals to interpret § 1681m(h)(8) has found it to be clear and unambiguous: the word 'section' means

'section," and thus no private right of action exists for violations of section 1681m in its entirety.").

Based on the foregoing, the FCRA claim will be dismissed.

**B.    ECOA Claim**

The ECOA claim is also premised on Citibank's alleged failure to notify Plaintiff that his credit card application was denied in violation of 15 U.S.C. § 1691(d).  Section 1691(d) of the ECOA provides that:

> (1) Within thirty days (or such longer reasonable time as specified in regulations of the Bureau for any class of credit transaction) after receipt of a completed application for credit, a creditor shall notify the applicant of its action on the application.
>
> (2) Each applicant against whom adverse action is taken shall be entitled to a statement of reasons for such action from the creditor. A creditor satisfies this obligation by —
>
> (A) providing statements of reasons in writing as a matter of course to applicants against whom adverse action is taken; or
>
> (B)  giving written notification of adverse action which discloses (i) the applicant's right to a statement of reasons within thirty days after receipt by the creditor of a request made within sixty days after such notification, and (ii) the identity of the person or office from which such statement may be obtained. Such statement may be given orally if the written notification advises the applicant of his right to have the statement of reasons confirmed in writing on written request.

15 U.S.C. § 1691(d)(1)-(2).

Defendant argues that the ECOA claim should be dismissed because "it relies entirely on the absence of the required notice, yet the notice was provided." (ECF No. 11-2, at 5). Defendant attaches as an exhibit to its motion to dismiss a letter to Plaintiff from Citibank, dated February 19, 2013, informing him that Citibank is "unable to approve [his] request for [the Citi Diamond Preferred MasterCard account] at this time." (ECF No. 11-4). It states that the credit decision was based in whole or in part on information obtained in a report from Experian and that Plaintiff's credit bureau report shows he has no revolving accounts with a balance. (*Id.* at 1). In his opposition to the motion to dismiss, Plaintiff argues that the letter cannot be considered on a motion to dismiss and disputes its authenticity.

"In deciding whether a complaint will survive a motion to dismiss, a court evaluates the complaint in its entirety, as well as documents attached or incorporated into the complaint." *E.I. Du Pont de Nemours and Co. v. Kolon Industries, Inc.*, 637 F.3d 435, 448 (4th Cir. 2011); *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir. 1999) (stating that "a court may consider [a document outside the complaint] in determining whether to dismiss the complaint" where the document "was integral to and explicitly relied on in the complaint" and there was no

8

authenticity challenge).   To be "integral," a document must be one "that by its 'very existence, *and not the mere information it contains*, gives rise to the legal rights asserted.'" *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F.Supp.2d 602, 611 (D.Md. 2011) (citation omitted) (emphasis in original).   "Consideration of extrinsic documents by a court during the pleading stage of litigation improperly converts the motion to dismiss into a motion for summary judgment. . . . This conversion is not appropriate when the parties have not had an opportunity to conduct reasonable discovery." *Zak v. Chelsea Therapeutics Intern., Ltd.*, 780 F.3d 597, 606 (4th Cir. 2015).

Defendant asserts that the "[t]he notice of denial, or lack thereof, is clearly integral to the Complaint and relied upon by Plaintiff." (ECF No. 11-2, at 5).   This argument is misplaced. In the complaint, Plaintiff asserts that he did *not* receive any notice from Defendant denying his credit card application, which he submitted in February 2013.   In other words, the ECOA claim relies on the *absence* of a letter, not its issuance, and whether or not Citibank indeed gave proper notice under ECOA creates a factual dispute inappropriate for resolution at the motion to dismiss stage.   Moreover, Plaintiff challenges the authenticity of the letter attached as an exhibit to the motion to dismiss purporting to give him notice. *Cozzarelli v. Inspire Pharms. Inc.*, 549 F.3d 618, 625 (4th Cir. 2008) (considering investment

analyst reports attached to the defendants' motion to dismiss because the complaint quotes from those reports and the plaintiffs did not challenge the reports' authenticity).  In its motion to dismiss, Defendant essentially seeks to refute the allegation in the complaint giving rise to the ECOA claim using the February 19, 2013 letter as evidence, but the facts alleged in the complaint must be taken as true at this stage and the court cannot rely on documents whose authenticity Plaintiff challenges.

Based on the foregoing, the ECOA claim will not be dismissed.

## IV. Conclusion

For the foregoing reasons, Defendant's motion to dismiss will be granted in part and denied in part.  A separate order will follow.

```
                              /s/
```
DEBORAH K. CHASANOW
United States District Judge